MARTÍNEZ, PETICIONARIO, *v.* BRYAN, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *mandamus* al Juez de la Corte de Distrito de Aguadilla en causa por falsa representación e impostura.

No. 199.—Resuelto en marzo 14, 1921.

MANDAMUS—SOBRESEIMIENTO DEL PROCESO—JUICIO RÁPIDO—JUSTA CAUSA PARA LA DEMORA DEL JUICIO.—*Cuando en una petición de* mandamus *para obtener el sobreseimiento de una causa por no haber sido llamada a juicio en el término de 120 días, no se consignan las razones que sirvieron de fundamento al juez inferior para denegar el sobreseimiento, procede desestimar el recurso, pues al peticionario incumbe destruir la presunción de que la demora estaba justificada por justa causa.*

Los hechos están expresados en la opinión.
El peticionario compareció en nombre propio.
El juez demandado no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Según entendemos los hechos de esta petición los cuales

son algo dudosos, fué presentada una denuncia en cierta ocasión contra el peticionario, o sea en agosto 17, 1917, en la Corte Municipal de Aguadilla, y posteriormente, o sea en julio 31, 1920, se formuló una acusación contra él en la Corte de Distrito de Aguadilla por el mismo delito; que en diciembre 21, 1920, el peticionario presentó una moción solicitando el sobreseimiento de la acusación por virtud del artículo 448 del Código de Enjuiciamiento Criminal, toda vez que no se había celebrado el juicio dentro del término de ciento veinte días (a contar y después de una fecha que no se menciona); que en 21 de febrero presentó una moción semejante por no haberse celebrado el juicio dentro de los ciento veinte días después de iniciado el proceso. No estamos seguros de que en la petición no se trate de decir que no hubo ningún juicio desde la primitiva causa en la corte municipal iniciada en agosto de 1917. El peticionario no expresa que los ciento veinte días debían contarse desde la presentación de la acusación como exige el artículo 448, *supra.*

El peticionario también presentó una moción el mismo día alegando varias cuestiones, a saber: que el Gran Jurado no tenía derecho a considerar un caso de *misdemeanor* y que el supuesto *misdemeanor* fué cometido por lo menos tres años antes, estando por tanto prescrito. Independientemente del hecho de que debe alegarse la prescripción, en la causa es evidente que estas cuestiones particulares podían todas ser consideradas por medio de una apelación y que el peticionario no pudo ser perjudicado por una demora.

En el caso de *Dyer* v. *Rossy*, 23 D. P. R. 772, resolvimos que procedía el auto de *mandamus* para obligar a un juez a sobreseer una causa cuando el juicio había sido demorado por más de ciento veinte días desde la radicación de la transcripción en apelación en la corte de distrito. En ese caso, sin embargo, la petición expresaba las causas alegadas por el fiscal y tuvimos la oportunidad de juzgar si eran o no causas justas.

El artículo 448 del Código de Enjuiciamiento Criminal prescribe en su párrafo primero lo siguiente:

"Artículo 448.—A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes: ＊ ＊ ＊"

De modo que cuando una corte se ha negado a sobreseer una causa la presunción sería que la corte ha negado así dicho sobreseimiento porque había suficiente motivo para ello y por tanto el peticionario debe destruir la presunción de que la negativa se fundaba en buena causa.

No estando convencidos de la petición *prima facie* de que el caso del peticionario fué demorado sin justa causa, debe denegarse el auto.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.